IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00192-WYD-BNB

JOHN J. ROEHLING,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss by Defendant Wells Fargo Bank, N.A. and Supporting Brief** [Doc. #11, filed 02/21/2012] (the "Motion to Dismiss"). Also before me is the plaintiff's request to remand the case to state court. I respectfully RECOMMEND that the Motion to Dismiss be DENIED as moot and the plaintiff's request to remand be GRANTED.

As a preliminary matter, the plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff initiated this action in the District Court for Jefferson County, Colorado, on December 30, 2011, by filing a document titled "Complaint Objection to Sale of Real Property Owned by Plaintiff" [Doc. #2]. The Complaint asserts one claim which alleges that the foreclosure sale of his property was conducted in violation of C.R.S. § 38-38-109. Section 109(1) allows the continuance of a foreclosure sale for not more than one year. The sale may be

further continued by bankruptcy proceedings, however. Id. at § 109(2). The Complaint alleges, and the defendant agrees, that the plaintiff filed three bankruptcy proceedings.[1] The plaintiff claims that the foreclosure sale of his property was conducted beyond the statutory limit provided by sections 38-38-109 (1) and (2). He requests that the court "set aside or rescind the sale as void and of no force and effect." *Complaint*, p. 3.

The defendant removed the action to this court based on diversity jurisdiction and the existence of a federal question [Doc. #1]. The defendant filed its Motion to Dismiss on February 21, 2012.

In his response to the Motion to Dismiss, the plaintiff challenges the defendant's bases for removal. *Plaintiff's Response to Defendant's Filings; Notice of Removal and Motion to Dismiss* [Doc. #22] pp. 1-5. The plaintiff asserts that the Complaint does not contain a federal question and the amount in controversy is not sufficient to meet diversity jurisdiction. Id. I construe the plaintiff's challenge as a motion to remand for lack of jurisdiction.

Removal of civil actions is governed by 28 U.S.C. § 1441 which provides in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--(1) In determining

---

[1] The first bankruptcy case was dismissed on March 29, 2010, due to the plaintiff's failure to follow the court's order to file a Disclosure Statement. *Motion to Dismiss*, Exs. 1 and 2. The second bankruptcy case was dismissed for cause on November 10, 2010, pursuant to 11 U.S.C. § 1307. Id. at Exs. 3 and 4. The third case was dismissed on September 2, 2011. Ex. 5, pp. 1-2.

> whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"[T]he courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states, and [] the presumption is therefore against removal jurisdiction." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." Baby C v. Price, 138 Fed.Appx. 81, 83 (10th Cir. June 10, 2005) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

The defendant asserts that this court has jurisdiction over this case because it presents a federal question under 28 U.S.C. § 1452. Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334 gives federal courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code] or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The defendant asserts that the plaintiff's claim is "related to" his bankruptcy case. *Notice of Removal* [Doc. #1], ¶ 8. Specifically, the defendant argues that "Roehling's claim, that the sale of the property at issue was in violation of Colorado law and bankruptcy statutes, concerns

3

the effect of bankruptcy proceedings on foreclosure sales.  Because the outcome of this case may alter Roehling's rights, federal question jurisdiction exists under 28 U.S.C. § 1334."  Id. at ¶ 9.

"A proceeding is related to a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy."  In re Midgard Corp., 204 B.R. 764 (20th Cir. BAP 1997) (internal quotations omitted).  "[T]he proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate."  RAF Financial Corp. v. Resurgens Communications Group. Inc., 127 F.R. 458, 461-62 (D.Colo. 1991) (citing Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir.1990).

The plaintiff's estate is not being administered in bankruptcy; the plaintiff's third and final bankruptcy case was dismissed in September 2011--two months before he initiated this case in state court.  *Motion to Dismiss*, Ex. 5, pp. 1-2.  Therefore, the outcome of this proceeding could not have an effect on an estate being administered in bankruptcy.

The defendant has not shown that section 1334 confers jurisdiction over the plaintiff's claim.  Moreover, regardless of whether diversity jurisdiction exists, the court does not have subject matter jurisdiction over the plaintiff's claim because it is barred from being heard in federal court by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005).  The Rooker-Feldman

doctrine prohibits a United States district court from considering claims that have been adjudicated in state court and claims that are inextricably intertwined with the prior state-court judgment. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). The Rooker-Feldman doctrine "applies only to suits filed after state proceedings are final." Id. at 1032.

It is undisputed that the foreclosure sale took place on April 13, 2011--more than eight months before the plaintiff filed this action in state court. *Complaint*, Ex. A, ¶ 2; Ex. B; Ex. C; *Motion to Dismiss*, p. 3. It is also undisputed that the plaintiff is seeking review and rejection of the state court foreclosure proceeding. Where a plaintiff is not seeking to enjoin the sale of his home, but is instead attempting to completely undo a foreclosure proceeding that was final before initiating an action in federal court, the Rooker-Feldman doctrine bars his claim. Dillard v. Bank of New York, 2012 WL 1094833 at *2, n.3 (10th Cir. April 3, 2012).

I respectfully RECOMMEND that the plaintiff's request to remand this action be GRANTED and the defendant's Motion to Dismiss [Doc. #11] be DENIED as moot.[2]

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 3, 2012.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge