IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00192-WYD-BNB

JOHN J. ROEHLING,

   Plaintiff,

v.

WELLS FARGO BANK, N.A.,

   Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Motion to Dismiss by Defendant Wells Fargo Bank, N.A. ["Wells Fargo"] and Supporting Brief filed February 21, 2012.  In response, Plaintiff John J. Roehling ["Plaintiff"] moved to remand the case to state court.  The Motion to Dismiss was referred to Magistrate Judge Boland, who issued a Recommendation on August 3, 2012.  The Recommendation is incorporated herein by reference.

Magistrate Judge Boland recommends that Wells Fargo's Motion to Dismiss be denied as moot, and that Plaintiff's request to remand the case be granted.  (*See* Recommendation at 2.)  He noted that Wells Fargo has not shown that 18 U.S.C. § 1334 confers jurisdiction over Plaintiff's claim.  (*Id*. at 4.)  Further, Magistrate Judge Boland found that regardless of whether diversity jurisdiction exists, the court does not have subject matter

jurisdiction over Plaintiff's claim because it is barred from being heard in federal court by the *Rooker-Feldman* doctrine.  (*Id.* at 4-5.)

Magistrate Judge Boland advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Recommendation at 5 n. 2.)  Despite this advisement, no objections were filed.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Boland's analysis, and find that this case must be remanded to state court for the reasons stated in the Recommendation.  It is therefore

ORDERED that the Recommendation of United States Magistrate Judge filed August 3, 2012 (ECF No. 30) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion to Dismiss by Defendant Wells Fargo Bank, N.A. filed February 21, 2012 (ECF No. 11) is **DENIED AS MOOT**.  Finally, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that the Clerk of Court shall **REMAND** this case to the District Court, Jefferson County, Colorado.

Dated: August 22, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge